UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEARBONES, INC., )
d/b/a MORNINGSIDE BAKERY, )
and AMARAL ENTERPRISES LLC, )
    Plaintiffs, )    Civil Action No. 3:15-30017-KAR
)
v. )
)
PEERLESS INDEMNITY )
INSURANCE COMPANY, )
    Defendant. )

MEMORANDUM AND ORDER REGARDING
BEARBONES, INC. d/b/a MORNINGSIDE BAKERY'S AND AMARAL ENTERPRISES
LLC'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59
(Dkt. No. 127)

ROBERTSON, U.S.M.J.

## I. Introduction

On October 17, 2017, the court granted the defendant Peerless Indemnity Insurance Company's ("Defendant") motion for summary judgment against the plaintiffs Bearbones, Inc., d/b/a Morningside Bakery ("Bearbones") and Amaral Enterprises, LLC ("Amaral") (collectively, "Plaintiffs") (Dkt. No. 125) on Counts II and III of Plaintiffs' verified complaint asserting claims for breach of contract and unfair and deceptive acts or practices under Mass. Gen. Laws chs. 93A and 176D and denied Plaintiffs' cross motion for summary judgment on Count III of the complaint.[1] Judgment entered in Defendant's favor the following day (Dkt. No. 126). On November 13, 2017, Plaintiffs moved to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) (Dkt. No. 127). The court assumes familiarity with its previous decision. Further, the

---

[1] The court also dismissed Count I of the verified complaint seeking declaratory relief based on Plaintiffs' counsel's representation that Plaintiffs were not pursuing the claim.

court denies Plaintiff's request for oral argument on this motion. *See* L.R., D. Mass. 7.1(e), (f). After a review of the record, Plaintiffs' motion is denied.

II. **Legal Standard**

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The rule "does not list specific grounds for affording relief but, rather, leaves the matter to the sound discretion of the district court." *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014) (citing *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 190 (1st Cir. 2004)). However, the "discretion must be exercised with considerable circumspection: revising a final judgment is an extraordinary remedy and should be employed sparingly." *Id*. (citing *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)). The First Circuit "generally recognize[s] three valid grounds for Rule 59(e) relief: "an 'intervening change' in the controlling law, a clear legal error, or newly-discovered evidence.'" *Carrero-Ojeda v. Autoridad de Energía Eléctrica*, 755 F.3d 711, 723 (1st Cir. 2014) (quoting *Soto-Padró v. Pub. Bldgs. Auth.*, 675 F.3d 1, 9 (1st Cir. 2012)). "A motion for reconsideration is not the venue to . . . advance arguments [that] should have developed prior to judgment, *Iverson v. City of Boston,* 452 F.3d 94, 104 (1st Cir. 2006), nor is it a mechanism to regurgitate 'old arguments previously considered and rejected,' *Nat'l Metal Finishing Co., Inc. v. BarclaysAmerican/ Commercial, Inc.,* 899 F.2d 119, 123 (1st Cir.1990)." *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014).

### III. Discussion

Plaintiffs advance six arguments – two of which are repetitious and are combined in the court's analysis below – as to why reconsideration is warranted. None are persuasive.

#### A. Arguments Relating to Defendant's Expert Report

Plaintiff first complains that Defendant filed an expert report with the court on October 10, 2017, while the summary judgment motions were pending, and that the timing of the filing evinces Defendant's intent to improperly persuade the court based on the conclusions of the report. This argument is easily dispensed with. First and foremost, the expert report was not part of the summary judgment record. Not only did the court not consider the report in deciding the summary judgment motions, but the court did not even look at it. Second, there is nothing suspect about the timing of Defendant's filing as Plaintiffs suggest. Defendant was merely complying with the October 10, 2017 deadline set by the court. While it is unclear why Defendant filed the report with the court – as opposed to simply serving it on Plaintiffs, which is all Fed. R. Civ. P. 26(a)(2) requires – Plaintiffs similarly filed their expert reports with the court, leaving Plaintiffs without a basis to complain (Dkt. Nos. 112, 116).

Plaintiffs also argue that Defendant's expert report values Plaintiffs' business loss at $381,700 as of the date of the incident giving rise to the claim and, thus, represents an admission that the claim was worth $381,700. Plaintiffs mischaracterize the report, which does not include a conclusion that Plaintiffs' business loss was $381,700. Moreover, in granting Defendant's motion for summary judgment, the court concluded that the determination of the amount of Plaintiffs' loss by the Mass. Gen. Laws ch. 175, § 99 reference panel was conclusive. Plaintiffs have not shown that this conclusion was clearly erroneous or that there has been any intervening

change in the law that formed the basis for this conclusion. Accordingly, Plaintiffs are not entitled to Rule 59(e) relief in connection with Defendant's expert report.

### B. Arguments Relating to the Inclusion of Lee Bank as a Payee

Plaintiffs argue that Defendant's inclusion of Lee Bank as a loss payee on certain of the checks issued in connection with the loss subjects Defendant to liability under Chapter 93A and for breach of contract. The court has already considered and rejected Plaintiffs' argument on Chapter 93A liability, concluding that Peerless's conduct fell outside the boundaries of what may qualify for consideration as a violation of Chapter 93A. Plaintiffs have not shown that this conclusion constitutes clear error or that there has been any intervening change in the law. Plaintiffs' repetition of their previous argument is not sufficient to warrant Rule 59(e) relief. *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 165 n.9 (1st Cir. 2004) ("The repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion.").

Plaintiffs have not previously advanced the theory that the inclusion of Lee Bank as a loss payee breached the terms of the contract of insurance. Plaintiffs' breach of contract claim encompassed only Peerless's alleged failure to pay for Plaintiffs' covered losses. Because Plaintiffs did not advance this argument prior to judgment, it is rejected here as a basis for Rule 59(e) relief on reconsideration. *Biltcliffe*, 772 F.3d at 930.

### C. Argument Relating to Defendant's Failure to Repair the West Wall of the Condominium

Plaintiffs argue that Defendant had a duty to assist Plaintiffs in repair of the west wall of the condominium unit in which the Bakery was located and that Defendant's breach of this duty resulted in the "premises being unsecured for more than 56 days during winter time in Berkshire County, Massachusetts." Plaintiffs advance this theory of liability for the first time on reconsideration. Because Rule 59(e) motions are not an appropriate means to "advance

4

arguments [that] should have been developed prior to judgment" *Biltcliffe*, 772 F.3d at 930, the court rejects this asserted basis for relief. In addition, the court notes that the theory is predicated on facts that are not before the court.

> D. <u>Argument Relating to Defendant's Delay in Paying Lost Business Income and Demand for a 2012 Tax Return that Plaintiff Did Not Have</u>

Plaintiffs argue that Defendant violated Chapters 176D and 93A by delaying its payment for Plaintiffs' lost business income and by demanding that Plaintiffs produce a 2012 tax return, which Plaintiffs did not yet have. In support of this argument, Plaintiffs submit what appears to be an IRS Form 7004 "Application for Automatic Extension of Time to File Certain Business Income Tax, Information, and Other Returns" for Bearbones for calendar year 2012, purportedly to show that Plaintiffs did not yet have the 2012 return when Defendant was requesting it, based on having obtained an extension to file from the IRS. A Rule 59(e) motion brought on the basis of newly-discovered evidence "must be denied where the 'new evidence' consists of information that, in the exercise of due diligence, could have been presented earlier." *In re Genzyme Corp.*, 2012 WL 6674483, at *2 (D. Mass. Dec. 21, 2012), *aff'd sub nom. In re Genzyme Corp. Sec. Litig.*, 754 F.3d 31 (1st Cir. 2014) (citing *Emmanuel v. Int'l Broth. of Teamsters, Local Union No. 25*, 426 F.3d 416, 422 (1st Cir. 2005)). "At the very least the [moving party] must put forth a 'cogent reason' as to why this evidence could not have been offered at an earlier stage of the proceedings." *Id*. (quoting *Fisher v. Kadant*, 589 F.3d 505, 513 (1st Cir. 2009)). Under this standard, this document, which would have been in Plaintiff's possession, plainly does not represent newly discovered evidence, and Plaintiffs have put forth no reason why it was not offered earlier. Moreover, Plaintiffs have not shown that the court's conclusion that Defendant did not violate Chapters 176D and 93A in connection with seeking documentation that would

allow it to calculate the amount of business income loss was in clear error or that there has been any intervening change in the law. Accordingly, Plaintiffs are not entitled to Rule 59(e) relief.

**V.      Conclusion**

For the foregoing reasons, Plaintiffs' motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) (Dkt. No. 127) is denied.

It is so ordered.

Jan. 25, 2018                                              /s/ Katherine A. Robertson____
                                                           KATHERINE A. ROBERTSON
                                                           United States Magistrate Judge