UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEARBONES, INC., )
d/b/a MORNINGSIDE BAKERY, )
and AMARAL ENTERPRISES LLC, )
 )
    Plaintiffs, ) Civil Action No. 3:15-30017-KAR
 )
v. )
 )
PEERLESS INDEMNITY )
INSURANCE COMPANY, )
 )
    Defendant. )

MEMORANDUM AND ORDER REGARDING
PLAINTIFFS' FED. R. CIV. P. 60(b)(2) or 60(b)(3) MOTION TO VACATE
SUMMARY JUDGMENT IN FAVOR OF DEFENDANT; PLAINTIFFS' AMENDED FED. R.
CIV. P. 60(b)(2) or 60(b)(3) MOTION TO VACATE SUMMARY JUDGMENT IN FAVOR OF
DEFENDANT; PLAINTIFFS' SUPPLEMENTARY AMENDED FED. R. CIV. P. 60(b)(2) or
60(b)(3) MOTION TO VACATE SUMMARY JUDGMENT IN FAVOR OF DEFENDANT;
AND DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11
(Dkt. Nos. 138, 141, 153, 157)

ROBERTSON, U.S.M.J.

**I.    Introduction**

On October 17, 2017, the court granted the defendant Peerless Indemnity Insurance Company's ("Defendant") motion for summary judgment against the plaintiffs Bearbones, Inc., d/b/a Morningside Bakery ("Bearbones") and Amaral Enterprises, LLC ("Amaral") (collectively, "Plaintiffs") (Dkt. No. 124) on Counts II and III of Plaintiffs' verified complaint asserting claims for breach of contract and unfair and deceptive acts or practices under Mass. Gen. Laws chs. 93A and 176D and denied Plaintiffs' cross motion for summary judgment on Count III of the

complaint.[1]  Judgment entered in Defendant's favor the following day (Dkt. No. 126).  On November 13, 2017, Plaintiffs moved to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) (Dkt. No. 127).  On January 25, 2018, the court denied this motion (Dkt. No. 133).  Plaintiffs filed a notice of appeal (Dkt. No. 134), which was entered on the docket of the United States Court of Appeals for the First Circuit on February 16, 2018 (Dkt. No. 136).  Thereafter, with their appeal pending, Plaintiffs filed their first motion to vacate the judgment entered in favor of Defendant (Dkt. No. 138).  Defendant filed its opposition and a separate motion for sanctions pursuant to Fed. R. Civ. P. 11, which Plaintiffs opposed (Dkt. Nos. 140, 141, 150).  On July 5, 2018, without seeking leave to do so, Plaintiffs filed a supplemental memorandum in support of their motion to vacate the judgment (Dkt. No. 151), followed, on July 23, 2018, by an amended motion to vacate the judgment (Dkt. No. 153).  On July 26, 2018, following a docket entry directing the parties to comply with the provisions of Fed. R. App. P. 12.1, the First Circuit remanded the case to this court for purposes of ruling on the pending motions (Dkt. Nos. 152, 155).  On September 8, 2018, Plaintiffs filed a supplementary motion to vacate the judgment entered in favor of Defendant (Dkt. No. 157), to which Defendant filed its opposition (Dkt. No. 160).  The court assumes familiarity with its previous decisions.  Further, the court denies the parties' requests for oral argument on these motions.  *See* L.R., D. Mass. 7.1(e), (f).  After a review of the record, the parties' motions are DENIED.

**II.  Relevant Background**

In summary, Plaintiffs premise their motions to vacate the judgment entered in Defendant's favor on Defendant's failure to produce in discovery a copy of a $28,977.77 check

---

[1] The court also entered judgment in Defendant's favor on Count I of the verified complaint seeking declaratory relief based on Plaintiffs' counsel's representation that Plaintiffs were not pursuing the claim.

made payable to attorney David M. Crowley (Crowley) and on Defendant's alleged representation during oral argument that Defendant could have been sued by Lee Bank if it failed to include Lee Bank as a payee on all payments from Plaintiffs' insurance coverage award, a position which Plaintiffs assert the court erroneously accepted.

Some background is necessary as context for the pending motions. Pursuant to Mass. Gen. Laws ch. 175, § 100, Crowley was selected and served as the third referee in the statutorily-mandated reference proceeding between Defendant and Plaintiffs. Crowley sent the unanimous reference award to counsel for Defendant and counsel for Plaintiffs on July 7, 2015. With the reference award, Crowley include his bill for services as the third referee in the matter (Dkt. No. 156-1). Pursuant to Mass. Gen. Laws ch. 175, § 101B, if the reference panel renders an award to the insured, as occurred in this case, the insurance company and the insured are each liable for half of the third referee's compensation. Crowley noted in the cover letter that, pursuant to Mass. Gen. Laws ch. 175, §§ 101B and 101C, the insurer was required as an initial matter to pay the entire amount of the third referee's bill (Dkt. No. 156-1). On August 4, 2015, Defendant's counsel sent a letter to Plaintiffs' counsel, enclosing a check to the insured for the amount due based on the reference award. A letter sent the same day noted that, pursuant to statute, an amount equal to half of Crowley's bill for services had been deducted from the check to the insured. *See* Mass. Gen. Laws ch. 175, § 101B. The letter informed Plaintiffs' counsel that Defendant had paid Crowley's bill for services in full as contemplated by the statute and noted that "[t]he check in payment of Attorney Crowley's bill was remitted directly by Peerless to Attorney Crowley and was not sent to this office for disbursement." Plaintiffs' counsel was asked to confer directly with Crowley about any questions about the payment for Crowley's

3

services (Dkt. No. 156-3). Crowley's law firm was the sole payee on the check Defendant issued in payment for Crowley's services as the third referee (Dkt. No. 156-2 at 3).

Plaintiffs' document production requests to Defendant included a request for "[t]he entire claim file of Bearbones, Inc. with al [sic] photographs, estimates, notes, payments, vendor requests, vendor payments, referee payments, travel payments, lodging payments, limousine payments, airline payments" (Dkt. No. 139-3 at 5). Defendant did not produce a copy of the check to Crowley in discovery. Plaintiffs did not file a motion to compel production of a copy of the check while the matter was pending in this court. So far as appears from the parties' submissions, beyond Plaintiffs' document production requests, they made no effort to obtain a copy of the check until sometime around April 2018 (Dkt. Nos. 139-1, 156-2 at 4).

**III. Analysis**

A. Plaintiffs' Rule 60(b) Motions

1. Legal Standard for Rule 60(b) Relief

"'[R]elief under Rule 60(b) is extraordinary in nature and . . . motions invoking that rule should be granted sparingly.'" *Giroux v. Fed. Nat. Mortg. Ass'n*, 810 F.3d 103, 106 (1st Cir. 2016) (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)).

> Federal Rule of Civil Procedure 60(b) invests a court, "in certain carefully delimited situations, with the power to 'vacate judgments whenever such action is appropriate to accomplish justice.'" *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 19 (1st Cir. 1992), quoting *Klapprott v. United States*, 335 U.S. 601, 614-615 (1949). Motions brought under Rule 60(b) are committed to the sound discretion of the district court, *Rodriguez-Antuna v. Chase Manhattan Bank Corp.*, 871 F.2d 1, 3 (1st Cir. 1989), and may be granted only under exceptional circumstances. *Lepore v. Vidockler*, 792 F.2d 272, 274 (1st Cir. 1986). A court should not vacate a judgment under Rule 60(b) if doing so will [be] "an empty exercise." *Teamsters*, 953 F.2d 17, 20 (1st Cir. 1992).

*In re Atl. Power Corp. Sec. Litig.*, Civil Action No. 1:13-cv-10537-IT, 2015 WL 13679766, at *3 (D. Mass. Oct. 21, 2015).

4

Plaintiffs invoke Rules 60(b)(2) and 60(b)(3) as the grounds for all of their motions, which, for the most part, present minor variations on the same themes.

2. Rule 60(b)(2)

"Rule 60(b)(2) provides relief for litigants who 'present newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).'" *Id.* at 107 (quoting Fed. R. Civ. P. 60(b)(2)). Plaintiffs argue that the check issued to Crowley qualifies as newly discovered evidence because Defendant failed to produce a copy of the check in discovery. Plaintiffs have not otherwise attempted to satisfy the standard set forth in Rule 60(b)(2), which requires them to show that with reasonable diligence, they could not have discovered the existence, or obtained a copy, of the check on a timely basis. On this record, they plainly cannot satisfy this standard. Documents submitted to the court by Defendant, the authenticity of which has not been questioned, show that Plaintiffs' counsel was notified, unambiguously, by correspondence dated August 4, 2015, that Defendant sent the check in question to Crowley (Dkt. No. 156-3 at 3). Plaintiffs' counsel was charged with knowing that he had not received a copy of the check in discovery. He also knew that he had been directed to communicate directly with Crowley as to any questions about the check (*id.*). Plaintiffs have not shown that they made any effort to obtain a copy of the check at any time prior to moving for relief under Rule 59(b) or that they could not, through the exercise of "even minimal diligence," have obtained a copy of it prior to May 2018. *See Karak*, 288 F.3d at 19-20 (the relevant standard is whether someone on the plaintiff's side, be it the plaintiff or his attorney, knew about the evidence in sufficient time to obtain and make use of it before the deadline for filing a Rule 59(b) motion). So much of Plaintiffs' motion as relies on Rule 60(b)(2) fails for this reason alone. *See id.*

Even if Plaintiffs had adequately shown that they had discovered new and previously unavailable evidence, which they have not, they have not shown that the underlying claim for relief could succeed on the merits. *See Caisse v. DuBois*, 346 F.3d 213, 215 (1st Cir. 2003) ("[T]he movant must show that granting the motion will not be an 'empty exercise' by demonstrating that the underlying claim for relief is likely to succeed on the merits."). Plaintiffs' initial contention under Rule 60(b) was that Defendant had taken the position that Lee Bank had to appear as an additional payee on *every* check issued by Defendant as a payment on Plaintiffs' claims under Plaintiffs' commercial business insurance policy (Dkt. No. 139 at 2). As Defendant pointed out in its memorandum in support of its motion for sanctions, Defendant's actual position at the summary judgment stage was that payments under Plaintiffs' policy that included compensation *for loss or damage to real estate* properly included Lee Bank as a payee because Lee Bank had issued a mortgage to Plaintiffs for which the damaged real estate was collateral and Defendant had been notified of Lee Bank's security interest in the real estate which had sustained damage (Dkt. No. 142 at 3).

Unsurprisingly, the check to Crowley for his services as third referee, half of which was deducted from Defendant's payment to Plaintiffs pursuant to statute, *see* Mass. Gen. Laws ch. 175, § 101B, did not include Lee Bank as an additional payee. After Defendant filed its sanctions motion, pointing out that Plaintiffs had misrepresented Defendant's position, Plaintiffs grudgingly and incompletely modified their position as to Defendant (Dkt. No. 154). They have persisted in arguing that this court granted Defendant summary judgment on the ground that Lee Bank was required to be included as a payee on all insurance payments to or on behalf of Plaintiffs (Dkt. No. 154 at 6). This is obviously false. This court held that Defendant did not violate Chapter 93A by including Lee Bank as a payee where the payments included

6

compensation for loss or damage to real estate, notwithstanding that Lee Bank was not identified as a mortgagee in the declaration page of the commercial property portion of the policy and that there was no attached schedule listing Lee Bank as a mortgagee because it was undisputed that Defendant was on notice that Lee Bank's security interest in the insured premises was supposed to be protected under Plaintiffs' policy insuring the premises at 283 Tyler Street, Pittsfield (Dkt. No. 124 at 20-21). Plaintiffs' contention that Defendant's failure to include Lee Bank as a loss payee on its check to Crowley for his services as the third referee would have changed the outcome of Defendant's motion for summary judgment on counts II or III of the complaint is frivolous.

In sum, Plaintiffs' claims under Rule 60(b)(2) fail, first, because they have not shown that the check to Crowley was newly discovered evidence that could not have been uncovered earlier by the exercise of reasonable due diligence; and, second, because those claims are "doomed to fail on the merits." *Caisse*, 346 F.3d at 218.

3. Rule 60(b)(3)

> The second prong of [Plaintiffs'] argument suggests that [their] motion for relief from judgment should . . . be[] granted under the aegis of Rule 60(b)(3). That rule authorizes the district court to absolve a party from a final judgment upon a showing that the adverse party has committed "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct. . . . There are two prerequisites to obtaining redress under this rule. First, the movant[s] must demonstrate misconduct – such as fraud or misrepresentation – by clear and convincing evidence. *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 923 (1st Cir. 1988). Second, the movant[s] must "show that the misconduct foreclosed full and fair preparation or presentation of [their] case." *Id.*

*Karak*, 288 F.3d at 20-21.

Plaintiffs' contentions under Rule 60(b)(3) also fail. Plaintiffs apparently claim that Defendant committed fraud or misrepresentation by falsely representing that Lee Bank was a loss payee on Plaintiffs' policy. Rule 60(b)(3) is concerned with instances of "'litigation-related

7

fraud.'" *Giroux*, 810 F.3d at 108 (quoting *Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 134 (1st Cir. 2005)). Plaintiffs have not demonstrated litigation-related fraud or misrepresentation by clear and convincing evidence. Defendant did not falsely represent to the court that Lee Bank was listed on the declarations page or as a mortgagee on the policy. As the court noted in its ruling on Defendant's summary judgment motion, Defendant admitted that the commercial property coverage part declarations page listed the mortgage holder as "none" and that the policy did not include an attached schedule listing Lee Bank as a mortgage holder (Dkt. No. 124 at 20-21). However, it was undisputed that Lee Bank was a mortgage holder and that Defendant had been notified that it should have added Lee Bank to the policy as a mortgagee (Dkt. No. 159-2 at 9). Defendant did not misrepresent this state of affairs in this litigation. Other than the check to Crowley, the existence of which was timely disclosed to Plaintiffs, Plaintiffs have not identified any evidence of which the Defendant allegedly deprived them during pretrial discovery. When, as in this case, a party is "capable of fully and fairly preparing and presenting his case notwithstanding the adverse party's arguable misconduct, the trial court is free to deny relief under Rule 60(b)(3)." *Karak*, 288 F.3d at 21-22 (citing *Diaz v. Methodist Hosp.*, 46 F.3d 492, 497 (5th Cir. 1995)).

This court held that as a matter of law Defendant did not, in the circumstances, violate Chapter 93A by adding Lee Bank as a loss payee on checks that included compensation for loss or damage to Plaintiffs' real estate. Whether that conclusion was a correct statement of the law is a question that will be resolved in the appeal pending before the First Circuit. Plaintiffs have not shown by clear and convincing evidence that Defendant's conduct prevented them from making a full and fair presentation of this contention in this court or in the appellate court. For

the foregoing reasons, Plaintiffs have failed to show that they are entitled to relief under Rule 60(b)(3).

    4. Rooker-Feldman Doctrine

Finally, in their supplementary motion, Plaintiffs contend that the *Rooker-Feldman* doctrine barred Defendant from treating Lee Bank as a mortgagee because Defendant agreed during the reference proceeding that Plaintiffs' coverage would be determined by reference to the commercial business insurance policy that did not identify Lee Bank as a mortgagee (Dkt. No. 158 at 2, 5). This argument fails for two reasons. First, Plaintiffs made no mention of this argument in their opposition to Defendant's summary judgment motion. If a party fails to assert a legal reason why summary judgment should not be granted when the motion is pending before the court, that ground is waived. *See Rocafort v. IBM Corp.*, 334 F.3d 115, 121 (1st Cir. 2003); *Mills v. Turner*, C.A. No. 15-13267-MLW, 2017 WL 3670967, at *12 (D. Mass. Aug. 25, 2017). Second, the *Rooker-Feldman* doctrine has no application here. "Under the *Rooker-Feldman* doctrine, federal district courts lack authority to hear 'cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Tyler v. Supreme Judicial Court of Mass.*, 292 F. Supp. 3d 555, 558-59 (D. Mass. 2018) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Plaintiffs dismissed their state court claims against Defendant in favor of filing those claims in this court. There is no prior state court judgment entered before this proceeding commenced that either side has asked this court to review and reject.

    B. Defendant's Sanctions Motion

Defendant's sanctions motion requests that the court award sanctions against "Plaintiffs and/or their counsel" pursuant to Fed. R. Civ. P. 11 or the court's inherent power (Dkt. No. 141 at 1). The court denies Defendant's sanctions motion – with some reluctance – for the following reasons. To the extent Defendant relies on Fed. R. Civ. P. 11(b), Plaintiffs' counsel is correct that Defendant did not comply with the so-called safe harbor provisions in Fed. R. Civ. P. 11(c)(2) prior to filing and serving its sanctions motion. Compliance with this provision is mandatory. Sanctions should not be awarded pursuant to this provision where the sanctions motion was not served on the opposing party before it was filed with the court. *See, e.g., Starski v. Kirzhnev*, Civil Action No. 06-10157-DPW, 2011 WL 923499, at *9 (D. Mass. Mar. 15, 2011) (stating that noncompliance with Rule 11's safe harbor provision is fatal to a Rule 11 motion).

Without identifying a statutory basis for the court to do so, Defendant moved, in the alternative, for an award of sanctions on the grounds that Plaintiffs' first motion to vacate the judgment entered in Defendant's favor was frivolous and lacked evidentiary support (Dkt. No. 141 at 1). Under 28 U.S.C. § 1927, a court may award sanctions against an attorney who multiplies the proceedings "unreasonably and vexatiously." The standard for imposing such sanctions is objective: "'[b]ehavior is vexatious when it is harassing or annoying *regardless of whether it is intended to be so.*'" *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 64 (1st Cir. 2008) (quoting *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir. 1990)). Carelessness and incompetence are not a sufficient basis for an award of sanctions under § 1927. *Id.*

A review of the proceedings in this court, related proceedings in state court, and filings during the pendency of Plaintiffs' appeal, show a pattern of conduct in litigation that might objectively be characterized as unnecessarily multiplying proceedings. Nonetheless, the court will not impose sanctions at this time. In declining to award sanctions under § 1927, the court is

guided by the restraint exercised by the First Circuit in the case of *AngioDynamics, Inc. v. Biolitec AG*, 860 F.3d 600 (1st Cir. 2018) (per curiam). Notwithstanding that the plaintiff's sanctions request in *Angiodynamics* was made in connection with the defendants' *fifth* appeal, which the First Circuit deemed as presenting "several of the hallmarks of frivolity," the court gave defense counsel the benefit of the doubt and did not award sanctions. *Id.* at 601. Nonetheless, going forward, Plaintiffs should be sure of firm ground for the contentions they raise. *See id.*

## V.     Conclusion

For the foregoing reasons, Plaintiffs' three motions to vacate the judgment entered in favor of Defendants are DENIED (Dkt. Nos. 138, 153, 157), and Defendant's motion for sanctions is DENIED (Dkt. No. 141).

It is so ordered.

December 11, 2018                                          /s/ Katherine A. Robertson
                                                                           KATHERINE A. ROBERTSON
                                                                           United States Magistrate Judge